Christopher P. Lenzo, Esq.
**GREEN, SAVITS & LENZO, LLC**
35 Airport Road, Suite 200
Morristown, New Jersey 07960
(973)695-7777
clenzo@greensavits.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARIANN OSWALD, | : | The Hon. _____, U.S.D.J. |
|  | : | The Hon. _____, U.S.M.J. |
| Plaintiff, | : |  |
|  | : | Civil Action No. _____ |
| v. | : |  |
|  | : | **COMPLAINT AND JURY DEMAND** |
| FAMILY SUPPORT ORGANIZATIONS | : |  |
| OF MORRIS AND SUSSEX COUNTIES | : |  |
| and LAUREN HIRTES, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

Plaintiff Mariann Oswald says the following by way of Complaint against defendants:

## THE PARTIES

1.     Plaintiff Mariann Oswald currently resides at 108 Forest Road, Dingman's Ferry, Pennsylvania.  At all times relevant to this Complaint, she was employed by defendant Family Support Organizations of Morris and Sussex Counties as Office Manager and then Assistant Director.

2.     Defendant Family Support Organizations of Morris and Sussex Counties ("FSO") maintains its principal place of business at 200 Valley Road, Suite 405, Mt. Arlington, New Jersey.

3.     Defendant Lauren Hirtes currently resides at 22 Grand Avenue, Newton, New Jersey.  At all times relevant to this Complaint, defendant Hirtes was Executive Director of defendant FSO.  In that capacity, defendant Hirtes exercised supervisory authority over plaintiff.

## JURISDICTION

4.     Pursuant to 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over this action because plaintiff's damages exceed $75,000.00 exclusive of interest and costs and the dispute is between a citizen of the State of Pennsylvania (plaintiff) and two citizens of the State of New Jersey (defendants).

## FACTUAL ALLEGATIONS

5.     Plaintiff Mariann Oswald was employed by defendant FSO for almost three years.

6.     Plaintiff always performed her job at defendant FSO competently.

7.     On or about June 1, 2007, defendants promoted plaintiff from Office Manager to Assistant Director.

8.     In or about May 2008, defendants gave plaintiff a pay raise.

9.     Plaintiff's career at defendant FSO took a turn for the worse when she discovered that defendant Hirtes appeared to be unlawfully misappropriating FSO funds for personal use.

10.     The questionable financial transactions included defendant Hirtes writing FSO checks to herself, reimbursing herself for expenses that had already been charged to an FSO debit card, using FSO funds to pay for her traffic tickets, having FSO pay $300.00 per night (which was over the cap of $200.00 per night) for her and a companion to stay two nights at a spa in connection with a one-day conference that was within driving distance of her home, and using the FSO van for personal purposes.

11. On or about August 3, 2008, plaintiff complained to Thomas DiCosmo of the New Jersey Department of Children and Families ("DCF") (which provides defendant FSO with much of its funding) about the potential misappropriations.

12. As a result of plaintiff's complaint, DCF conducted an audit of defendant FSO.

13. Thereafter, DCF sent defendant Hirtes a letter about the financial improprieties, to which defendant Hirtes responded in writing.

14. In or about August 2008, plaintiff spoke with a New Jersey Department of Labor Auditor about an upcoming audit of defendant FSO's payroll records.

15. During that telephone conversation with the auditor, plaintiff told the auditor that defendant Hirtes had ordered employees not to record any overtime even if they had worked overtime.

16. On or about October 29, 2008, plaintiff sent an e-mail to the FSO Board of Directors complaining about defendant Hirtes's apparent misappropriation of funds from defendant FSO.

17. That e-mail also objected to defendant Hirtes engaging in and condoning conduct that could be considered sexual harassment in violation of the New Jersey Law Against Discrimination, including but not limited to defendant Hirtes disrobing in front of staff, defendant Hirtes making sexually explicit jokes and remarks, and photographs of a staff member in the nude being circulated by e-mail in the workplace.

18. In addition, plaintiff's complaint to the FSO Board noted that it appeared that defendant Hirtes had caused the falsification of employee time records in violation of federal and state wage and hour laws.

19.     On or about October 30, 2008, FSO Board Treasurer Carol Simms informed plaintiff that defendant Hirtes knew that plaintiff was the person who had previously complained to DCF.

20.     On or about October 31, 2008, defendant Hirtes herself told plaintiff that she knew that plaintiff had complained to the FSO Board about her.

21.     On or about November 3, 2008, just five days after plaintiff complained to the FSO Board about defendant Hirtes's apparent unlawful conduct, defendants fired plaintiff for unspecified insubordination.

## FIRST COUNT

## WHISTLEBLOWER RETALIATION IN VIOLATION OF THE NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT

22.     Plaintiff repeats all of the foregoing allegations as if set forth at length herein.

23.     By and through the conduct described above, defendants violated the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq., by retaliating against plaintiff for disclosing and/or objecting to conduct that she reasonably believed was unlawful and/or incompatible with a clear mandate of public policy concerning the public health, safety, or welfare.

24.     As a result of defendants' unlawful conduct, plaintiff has suffered and continues to suffer economic losses, emotional distress, bodily injury with physical manifestations, physical pain and suffering, harm to career, harm to reputation, and other such damages compensable under the New Jersey Conscientious Employee Protection Act.

WHEREFORE, plaintiff demands judgment against defendants for the following:

a.   Compensatory damages;

b.   Consequential damages;

c.  Punitive damages;

d.  Attorneys' fees with enhancement;

e.  Costs of suit;

f.  Pre-judgment and post-judgment interest; and

g.  Such other relief as the Court may deem equitable and just.

## **SECOND COUNT**

## **RETALIATION IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION**

25.     Plaintiff repeats all of the foregoing allegations as if set forth at length herein.

26.     By and through the conduct described above, defendants violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., by retaliating against plaintiff for her complaint about sexual harassment.

27.     As a result of defendants' unlawful conduct, plaintiff has suffered and continues to suffer economic losses, emotional distress, bodily injury with physical manifestations, physical pain and suffering, harm to career, harm to reputation, and other such damages compensable under the New Jersey Law Against Discrimination.

WHEREFORE, plaintiff demands judgment against defendants for the following:

a.  Compensatory damages;

b.  Consequential damages;

c.  Punitive damages;

d.  Attorneys' fees with enhancement;

e.  Costs of suit;

f.  Pre-judgment and post-judgment interest; and

g.  Such other relief as the Court may deem equitable and just.

## THIRD COUNT

## INDIVIDUAL LIABILITY UNDER THE NEW JERSEY LAW AGAINST DISCRIMINATION

28.     Plaintiff repeats all of the foregoing allegations as if set forth at length herein.

29.     By and through the conduct described above, defendants aided and abetted one another in violating the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

30.     By and through the conduct described above, defendant Hirtes interfered with plaintiff's exercise and enjoyment of her rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

31.     Defendant Hirtes is therefore individually liable to plaintiff for her violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

32.     As a result of defendants' unlawful conduct, plaintiff has suffered and continues to suffer economic losses, emotional distress, bodily injury with physical manifestations, physical pain and suffering, harm to career, harm to reputation, and other such damages compensable under the New Jersey Law Against Discrimination.

WHEREFORE, plaintiff demands judgment against defendants for the following:

a.  Compensatory damages;

b.  Consequential damages;

c.  Punitive damages;

d.  Attorneys' fees with enhancement;

e.  Costs of suit;

f.  Pre-judgment and post-judgment interest; and

g.  Such other relief as the Court may deem equitable and just.

**GREEN, SAVITS & LENZO, LLC**
*Attorneys for Plaintiff*

s/ Christopher P. Lenzo

By:_____
     **CHRISTOPHER P. LENZO**

Dated: October 22, 2009

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues subject to jury trial.

**GREEN, SAVITS & LENZO, LLC**
*Attorneys for Plaintiff*

s/ Christopher P. Lenzo

By:_____
**CHRISTOPHER P. LENZO**

Dated: October 22, 2009

## **CERTIFICATION**

I hereby certify that to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

**GREEN, SAVITS & LENZO, LLC**
*Attorneys for Plaintiff*

s/ Christopher P. Lenzo

By:_____
**CHRISTOPHER P. LENZO**

Dated: October 22, 2009